UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CR-141-1FL(1)

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) INDICTMENT |
| | ) |
| RYAN EUGENE LARNED | ) |
| | ) |

The Grand Jury charges:

COUNT ONE

On or about February 17, 2021, while on American Airlines flight number 1645, an aircraft in the special aircraft jurisdiction of the United States in flight from Charlotte Douglas International Airport, North Carolina, to Raleigh-Durham International Airport, North Carolina, the defendant, RYAN EUGENE LARNED, did knowingly cause C.S.B. to engage in a sexual act by placing C.S.B. in fear, the sexual act being the penetration, however slight, of the genital opening of C.S.B. by a hand and finger with an intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person, in violation of Title 49, United States Code, Section 46506, and Title 18, United States Code, Section 2242(1).

COUNT TWO

On or about February 17, 2021, while on American Airlines flight number

1

1645, an aircraft in the special aircraft jurisdiction of the United States in flight from Charlotte Douglas International Airport, North Carolina, to Raleigh-Durham International Airport, North Carolina, the defendant, RYAN EUGENE LARNED, did knowingly cause C.S.B. to engage in sexual contact by placing C.S.B. in fear, the sexual contact being the intentional touching, directly and through the clothing, of the genitalia, groin, and inner thigh of C.S.B. with an intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person, in violation of Title 49, United States Code, Section 46506, and Title 18, United States Code, Section 2244(a)(2).

## COUNT THREE

On or about February 17, 2021, while on American Airlines flight number 1645, an aircraft in the special aircraft jurisdiction of the United States in flight from Charlotte Douglas International Airport, North Carolina, to Raleigh-Durham International Airport, North Carolina, the defendant, RYAN EUGENE LARNED, did knowingly engage in sexual contact with C.S.B. without C.S.B.'s permission, the sexual contact being the intentional touching, directly and through the clothing, of the genitalia, groin, and inner thigh of C.S.B. with an intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person, in violation of Title 49, United States Code, Section 46506, and Title 18, United States Code, Section 2244(b).

## FORFEITURE NOTICE

Notice is hereby given that all right, title and interest in the property described herein is subject to forfeiture.

Upon conviction of any criminal violation of Chapter 109A or Sections 2251, 2251A, 2252, 2252A, 2252B or 2260 of Title 18, United States Code, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253(a):

(1) any visual depiction or book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in the said violation(s);

(2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the said offense(s); and

(3) any property, real or personal, used or intended to be used, in any manner or part, to commit or to promote the commission of said offense(s) or any property traceable to such property.

Upon conviction of any violation of the Gun Control Act, the National Firearms Act, or any other offense charged herein that involved or was perpetrated in whole or in part by the use of firearms or ammunition, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and/or 26 U.S.C. § 5872, as made applicable by 28 U.S.C. § 2461(c), any and all firearms and ammunition that were involved in or used in a knowing or willful commission of the offense, or, pursuant to 18 U.S.C.

3

§ 3665, that were found in the possession or under the immediate control of the defendant at the time of arrest.

If any of the above-described forfeitable property, as a result of any act or omission of a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

A TRUE BILL

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

FOREPERSON

DATE 3/16/2021

G. NORMAN ACKER, III
Acting United States Attorney

BY: BRADFORD M. DEVOE
Assistant United States Attorney

4